245C (Rev.7/01) Sheet 1—Amended Judgment in a Criminal Case    (NOTE: Identify Changes with Asterisks (*))

FEB 10 2004

# UNITED STATES DISTRICT COURT

Northern District of Illinois

UNITED STATES OF AMERICA
V.
GRAY EDMUNDSON SHELTON

**AMENDED JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: 03 CR 1123-1

DOCKETED FEB 10 2004

Heather Winslow
Defendant's Attorney

**Date of Original Judgment:** 3/10/99
(Or Date of Last Amended Judgment)

**Reason for Amendment:**
☐ Correction of Sentence on Remand (Fed. R. Crim. P. 35(a))
☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P.
☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☒ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
☐ Direct Motion to District Court Pursuant to ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)
☐ Modification of Restitution Order (18 U.S.C. § 3664)

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offense(s):

**THE DEFENDANT:**
☒ pleaded guilty to count(s)  11,24 & 25 in case 97CR254 and 1 in 98CR143 (Middle Dist. N.C.)
☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
☐ was found guilty on count(s) _____ after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18:1343 | Wire Fraud (97CR254) | 11/27/96 | 11 |
| 18:1343 | Wire Fraud (97CR254) | 1/24/97 | 24-25 |
| 18:3146(a)(1) | Failure to Appear (98CR143) | 5/7/98 | 1 |

The defendant is sentenced as provided in pages 2 through __7__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984. Other than the amendments or modifications stated in this judgment, the judgment entered __3/10/99__ is to stand (see attachment).

☐ The defendant has been found not guilty on count(s) _____
☒ Count(s) all remaining ☐ is ☒ are dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

2/9/04
Date of Imposition of Judgment

*[signature]*
Signature of Judicial Officer

Joan H. Lefkow - U.S. District Judge
Name and Title of Judicial Officer

2/9/04
Date

DEFENDANT: GRAY EDMUNDSON
CASE NUMBER: 03 CR 1123-1

# ADDITIONAL STANDARD CONDITIONS OF SUPERVISION

The defendant shall cooperatively participate in a substance abuse treatment program, which may include urine testing or inpatient/residential treatment, as directed by the probation officer. During the course of treatment, the defendant shall abstain from the use of alcoholic beverages or controlled substance without a prescription from a licensed medical provider.

The defendant shall provide any requested financial information to the probation officer.

The defendant shall not incur any new credit charges or open additional lines of credit without the approval of the probation officer.

The defendant shall perform 50 hours of community service work during each tear of supervision, and pay any community service fee required as directed by the probation officer.

The defendant shall notify the court of any change in his economic circumstances that might affect his ability to pay restitution, fines, or special assessments.

The defendant is prohibited from engaging in any self employment endeavor or as an independent agent for another company during the period of supervised release without the approval of the probation officer.

The defendant shall refrain from the use of any name other than that of Gray Edmundson Shelton when conducting official and/or legal business.

*The defendant shall reside in the Salvation Army Community Correction Center for a period up to 120 days at the direction of the probation officer. (SEE WAIVER ATTACHED).

PROB 49
(3/89)

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF ILLINOIS

### Waiver of Hearing to Modify Conditions of Probation/Supervised Release or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

> You shall reside in the Salvation Army Community Correction Center for a period
> up to 120 days at the direction of your probation officer.

Witness _____ Signed _____
U. S. Probation Officer                Probationer or Supervised Releasee

_____
12/10/03
Date

ENTERED ON DOCKET
R. 55
APR - 2 1999

BY

# United States District Court
## Middle District of North Carolina

UNITED STATES OF AMERICA

v.

GRAY EDMUNDSON SHELTON

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: 1:97Cr254-1 & 1:98Cr143-1

Defendant's Attorney: James Edward Hairston, Jr.

FILED
APR - 2 1999
In the Office of the District Court
Greensboro, N.C.

## THE DEFENDANT:

☒ pleaded guilty to counts 11, 24 & 25 in case 1:97Cr254-1; and to count 1 in 1:98Cr143-1.

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐ was found guilty on count(s) _____ after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18:1343 | Wire fraud (1:97Cr254-1) | 11/27/96 | 11 |
| 18:1343 | Wire fraud (1:97Cr254-1) | 1/24/97 | 24-25 |
| 18:3146(a)(1) | Failure to appear (1:98Cr143-1) | 5/7/98 | 1 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☒ Counts 1-10, 12-23, & 26-29 in 1:97Cr254-1 are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, costs, and special assessments imposed by this judgment are fully paid.

March 10, 1999
Date of Imposition of Judgment

A True Copy
Defendant's Mailing Address: Teste.
(if different from residence address)
J. P. Creekmore, Clerk
By: _____ Reid
Deputy Clerk

Signature of Judicial Officer

James A. Beaty, Jr., U.S. District Judge
Name & Title of Judicial Officer

April ~~March~~ 2, 1999
Date

DEFENDANT:       GRAY EDMUNDSON SHELTON
CASE NUMBER:     1:97Cr254-1 & 1:98Cr143-1

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 60 months.

[45 months on counts 11,24 & 25 consolidated in 1:97Cr254-1; 15 months on count 1 in 1:98Cr143-1. The 45 month term of imprisonment a_ the 15 month term of imprisonment shall run consecutively to each other.]

☒ The court makes the following recommendations to the Bureau of Prisons: that the defendant be incarcerated in an institution where he _ receive intensive drug treatment.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district.

   ☐ at _____ am/pm on _____ .

   ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐ before 2 pm on _____ .

   ☐ as notified by the United States Marshal.

   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

   Defendant delivered on _____ to _____ at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

BY

DEPUTY US MARSHAL

DEFENDANT: GRAY EDMUNDSON SHELTON
CASE NUMBER: 1:97Cr254-1 & 1:98Cr143-1

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of three (3) years.

[three (3) years on counts 11, 24 & 25 consolidated in 1:97Cr254-1; three (3) years on count 1 in 1:98Cr143-1, to run concurrently with each other.]

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substanc abuse. (Check, if applicable).

☒ The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fin or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated).

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation office and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptal reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendar compliance with such notification requirement.

DEFENDANT: GRAY EDMUNDSON SHELTON
CASE NUMBER: 1:97Cr254-1 & 1:98Cr143-1

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal penalties in accordance with the Schedule of Payments set forth on Sheet 5, Part B

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals | $ 400.00 | $ | $ 223,461.65 |

☐ If applicable, restitution amount ordered pursuant to plea agreement: $

## FINE

The above fine includes costs of incarceration and/or supervision in the amount of $ _____ .

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the 15th day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B, may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ The interest requirement is waived.

  ☐ The interest requirement is modified as follows:

## RESTITUTION

☐ The determination of restitution is deferred in a case brought under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses commit on or after September 13, 1994, until _____ . An Amended Judgment in a Criminal Case will be entered after such determination

☒ The defendant shall make restitution for losses sustained in 1:97Cr254-1 to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | **Total Amount of Loss | Amount of Restitution Ordered | Priority Order or % of Payment |
|---|---|---|---|
| Austin Direct, Inc. | 131,403.54 | 131,403.54 | |
| Viking Office Products | 797.98 | 797.98 | |
| Multiple Zones | 3,144.60 | 3,144.60 | |
| Comp USA | 2,313.49 | 2,313.49 | |
| Global Equipment | 289.81 | 289.81 | |
| AT & T Wireless | 10,108.93 | 10,108.93 | |
| Nelson Marketing | 43,032.49 | 43,032.49 | |
| MISCO | 1,891.65 | 1,891.65 | |
| Advanced Logic Research, Inc. | 8,471.01 | 8,471.01 | |
| Global Computer | 62.98 | 62.98 | |
| PANA-PACIFIC | 14,938.65 | 14,938.65 | |
| Sprint North Supply | 7,006.52 | 7,006.52 | |
| Totals: | $223,461.65 | $223,461.65 | |

** Findings for the total amount of losses are required under Chapters 109A, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT:      GRAY EDMUNDSON SHELTON
CASE NUMBER:    1:97Cr254-1 & 1:98Cr143-1

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest (6) penalties.

Payments of the total fine and other criminal monetary penalties shall be due as follows:

A ☐  in full immediately; or

B ☐  $ _____ immediately, balance due (in accordance with C, D, or E); or

C ☐  not later than _____ ; or

D ☐  in installments to commence _____ day(s) after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the US probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E ☐  in _____ (*equal, weekly, monthly, quarterly*) installments of $ _____ over a period of _____ year(s) to commence _____ day(s) after the date of this judgment.

The court will credit the defendant for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties: The special assessment is due immediately. If not paid immediately then it shall be paid through the Inmate Financial Responsibility Program. The restitution shall be paid through the Inmate Financial Responsibility Program. Any balance remaining after the defendant is released is to be paid at the rate of $200 per month beginning 60 days after his release.

☐  Joint and Several

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments are to be made to the United States District Court for the Middle District of North Carolina, P. O. Box 2708, Greensboro, NC 27402, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program.